UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD F. DAVIS; REGINA C. DAVIS,

Plaintiffs,

-against-

CITIZENS BANK, N.A.; CITIZENS ONE
HOME LOANS; CITIZENS FINANCIAL
GROUP INC.; CCO MORTGAGE CORP.;
ROYAL BANK OF SCOTLAND; RBS
CITIZENS, N.A.,

Defendants.

20-CV-5584 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiffs, appearing *pro se*, bring this action under 28 U.S.C. § 1334, alleging that

Defendants "willfully (1) mismanage[d] mortgage contract, and (2) violate[d] bankruptcy laws

with malicious intent, and (3) violate[d] consumer credit protection laws with malicious intent."

(ECF No. 3 at 8.) By order dated December 1, 2020, the Court granted Plaintiffs request to

proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth in

this order, the Court dismisses the action, but grants Plaintiffs thirty days' leave to replead their

claims.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiffs, a husband and wife who reside in New Windsor, New York, bring this action against Citizens Bank, N.A., the mortgage holder for Plaintiffs' New Windsor, New York home. Plaintiffs assert that Citizens Bank, N.A., failed to pay the property taxes on their home in February 2018, causing them to incur late fees and interest in the amount of $1,086.15. Plaintiffs learned that, although Defendant was responsible for the delinquency, this amount was deducted

from Plaintiffs' escrow account. Plaintiffs further assert that Defendant's actions caused the county tax office to release public notice of the delinquent taxes, and the publication resulted in Plaintiffs being harassed by "mortgage gurus and house flippers" looking to benefit from Plaintiffs' misfortune. Plaintiffs allege that these inquiries caused them a great deal of stress and mental anguish.

Plaintiffs assert further that in June 2019, Allstate, their home insurance carrier, sent a renewal notice to Defendant, which incorrectly represented to Allstate that their home was empty. This misrepresentation resulted in Allstate's canceling Plaintiffs' policy, and Defendant has refused Plaintiff's repeated requests for assistance to get the policy reinstated.

Plaintiffs file this action to resolve their dispute with Allstate, and they seek monetary damages and injunctive relief.

A review of the Public Access to Court Electronic Records (PACER) system confirms Plaintiffs' litigation history, as outlined in their complaint. Plaintiffs had a prior bankruptcy action in the United States Bankruptcy Court for the Southern District of New York, *see In Re: Edward and Regina Davis*, ECF 4:15-BK-37191 (S.D.N.Y. Oct. 16, 2019), and Defendant was a creditor in that action. On November 27, 2019, Plaintiffs filed another action in the United States Bankruptcy Court for the Southern District of New York, and that action is pending. *See In Re: Edward and Regina Davis*, ECF 4:19-BK-36925 (filed Nov. 27, 2019). Defendant is also a creditor in the pending bankruptcy action.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

## B.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiffs seek to invoke the Court's federal question jurisdiction, but they fail to allege any facts suggesting that they can assert a federal claim. To the extent the Plaintiffs seek to assert claims under 28 U.S.C. § 1334, the bankruptcy court has subject matter jurisdiction over such claims. *See* 28 U.S.C. § 1334(b). While 28 U.S.C. §157(a) allows a district court to refer such

4

claims to a bankruptcy court in the same district, because Plaintiffs have a pending action in the bankruptcy court, this Court will not refer Plaintiffs' claims to that court.

## C.     Diversity Jurisdiction

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiffs are citizens of New York, and they allege that Defendant has offices in New York. Plaintiffs do not allege damages in excess of $75,000. The Court therefore lacks diversity jurisdiction over Plaintiffs' claims.

**LEAVE TO REPLEAD**

Plaintiffs proceed in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiffs can cure the deficiencies in the complaint, but in an abundance of caution, the Court grants Plaintiffs thirty days' leave to replead their claims.

In the statement of claim, Plaintiffs must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiffs are also directed to provide the addresses for any named defendants. Plaintiffs' amended complaint must also plead facts establishing that this Court has subject matter jurisdiction over their claims.

To the greatest extent possible, Plaintiffs' amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiffs' case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiffs' rights and describe the injuries Plaintiffs suffered; and

f) state what relief Plaintiffs seek from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiffs' amended complaint must tell the Court: who violated their federally protected rights; what facts show that their federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiffs are entitled to relief. Because Plaintiffs' amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiffs wish to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of the is order to Plaintiffs and note service on the docket.

Plaintiffs' complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Clerk of Court is instructed to hold this matter open on the docket until a civil judgment is entered.

The Court grants Plaintiffs thirty days' leave to replead their claims. Plaintiffs must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-5584 (LLS). An Amended Complaint form is attached to this order. If Plaintiffs fail to submit an amended complaint within the time allowed and do not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

Plaintiffs' request for injunctive relief is denied as moot.

SO ORDERED.

Dated:    December 9, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

_____CV_____
(Include case number if one has been assigned)

-against-

**AMENDED**

**COMPLAINT**

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                     Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                  Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                 Zip Code

Page 4

Defendant 4:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| --- | --- | --- |
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.