UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD F. DAVIS; REGINA C. DAVIS,

                Plaintiffs,

-against-

CITIZENS BANK, N.A.; CITIZENS ONE HOME LOANS,

                Defendants.

20-CV-5584 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiffs, who are proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated their rights. By order dated December 9, 2020, the Court dismissed Plaintiffs' action for failure to state a valid federal claim but granted Plaintiffs thirty days' leave to file an amended complaint. Plaintiffs filed an amended complaint on January 21, 2021, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

In their original pleading, Plaintiffs, a husband and wife who reside in New Windsor, New York, alleged that Defendants "willfully (1) mismanage[d] mortgage contract, and (2) violate[d] bankruptcy laws with malicious intent, and (3) violate[d] consumer credit protection laws with malicious intent." (ECF No. 3 at 8.) They alleged that Citizens Bank, N.A., the mortgage holder for their New Windsor, New York home, failed to pay the property taxes on their home in February 2018, causing them to incur late fees and interest in the amount of $1,086.15. Plaintiffs learned that, although Defendant was responsible for the delinquency, this amount was deducted from Plaintiffs' escrow account. Plaintiffs further asserted that Defendants' actions caused the county tax office to release public notice of the delinquent taxes,

and the publication resulted in Plaintiffs being harassed by "mortgage gurus and house flippers" looking to benefit from Plaintiffs' misfortune. Plaintiffs alleged that these inquiries caused them a great deal of stress and mental anguish.

By order dated December 9, 2020, the Court found the following: although Plaintiffs invoked the Court's federal court jurisdiction, they failed to allege any facts suggesting that they could assert a federal claim; the bankruptcy court had subject matter jurisdiction over the claims that Plaintiffs asserted under 28 U.S.C. § 1334, and because Plaintiffs had a pending action in the bankruptcy court, this Court would not refer Plaintiff's claims to that court; and the Court lacked diversity jurisdiction over Plaintiffs' claims because Plaintiffs are citizens of New York, and they alleged that Defendants have offices in New York, and they did not allege damages in excess of $75,000. Although the Court was doubtful that Plaintiffs could cure the deficiencies in their complaint, in an abundance of caution, the Court granted Plaintiffs thirty days' leave to replead their claims.

## DISCUSSION

The allegations in Plaintiffs' amended complaint are essentially identical to those in their original complaint, but Plaintiffs now assert that their claims arise under the Fair Debt Collection Practices Act (FDCPA).

Plaintiffs allege that their claims arise under 15 U.S.C. § 1692d, a provision of the FDCPA. The FDCPA applies to consumer debt "arising out of . . . transaction[s]" that "are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *Polanco v. NCO Portfolio Mgmt., Inc.*, 930 F. Supp. 2d 547, 551 (S.D.N.Y. 2013) ("[T]he FDCPA is triggered when the obligation is a debt arising out of a consumer transaction").

In cases where the FDCPA applies, it prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. A debt collector is defined in § 1692a(6) as a person:

(1) whose principal purpose is to collect debts; (2) who regularly collects debts owed to another; or (3) who collects his own debts, using a name other than his own as if he were a debt collector. *See also Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718 (2017) (holding that entities that regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not necessarily debt collectors subject to the FDCPA).

Plaintiffs invoke section 1692d, which provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Conduct in violation of the statute includes, among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language, "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. 15 U.S.C. § 1692d.

Here, Plaintiffs allege no facts suggesting that Defendants qualify as debt collectors under the statute. *See, e.g., Stone v. City of New York*, No. 05-CV-2736, 2011 WL 13295270, at *8 (E.D.N.Y. Sept. 2, 2011) (dismissing FDCPA claims against "City Defendants," including the NYPD, because plaintiff failed to demonstrate they were debt collectors under the statute); *Longi v. New York*, No. 02-CV-5821, 2006 WL 8441210, at *18 n.18 (E.D.N.Y. June 26, 2006), *aff'd*, 363 F. App'x 57 (2d Cir. 2010) (holding that none of defendants, including Suffolk County Police Department, was a debt collector within the meaning of the FDCPA).

Even if Defendants qualified as debt collectors under the statute, Plaintiffs have failed to allege any facts suggesting that Defendants took any action that violates the FDCPA. Instead, Plaintiff alleges that Defendants "willfully (1) mismanage[d] mortgage contract, and (2) fail[ed]

to meet bankruptcy court terms, and (3) . . . violate[d] consumer credit protection laws with malicious intent." (ECF No. 8 at 17.)

Because Plaintiffs do not allege any facts suggesting that Defendants are debt collectors who violated the FDCPA, the Court dismisses any claims Plaintiffs may be asserting under the FDCPA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiffs another opportunity to amend.

## CONCLUSION

Plaintiffs' amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to mail a copy of this order to Plaintiffs and note service on the docket.

SO ORDERED.

Dated: July 26, 2021
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.